UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSIE J. BARNES, PLAINTIFF

V.

03-6637
CJS

PETER MASTRANTONIO JR., C.O., RANDY BANKS, C.O., WILBUR, C.O.,
CHARLES KNAPP, C.O., DANNY DAVIS, C.O., ERIC BARTSCH, C.O.,
JOHN ROGERS, C.O., MICHAEL STAMP C.O., STEVEN PALUCH, C.O., D. WHITE
DAMEN CHALK, C.O., DONALD MCINTOSH, C.O., M. VANDELRIFT, C.O.
GARY MARSE, SGT., FRANKLIN RAUB, SGT., H. WETZEL, SGT. K. MACKAY, SGT.,
THOMAS HANNAH, SGT., MARK STUMAKER, SGT., D. AUGUSTINE, ~~ LT.
RICHARD DONAHUE, LT., W.E. WILCOX, CAPT., J.P. WHITE, CAPT.
T.H. GILTNER, DEPUTY SUPERINTENDENT OF SECURITY
M. MILGINNES, SUPERINTENDENT, G.S. GOORD, COMMISSIONER
A.J. ANNUCCI, DEPUTY COMMISSIONER AND COUNSEL,
B. CAPEL, PLANT MANAGER, V GROVER, INMATE RECORDS COORDINATOR
PINE CITY AND CHEMUNG COUNTY DISTRICT ATTORNEY OFFICE
R. ROY, ASSOCIATE COMMISSIONER INSPECTOR GENERAL
J. ALVES, DOCTOR, BOB BRANDT, REGISTERED NURSE, DEFENDANTS
W. CZANCZO

COMPLAINT
JURY TRIAL
DEMANDED

## PRELIMINARY STATEMENT

THIS IS A CIVIL RIGHTS ACTION COMPLAINT BY JESSIE J. BARNES, A STATE PRISONER
FOR DAMAGES RELIEF UNDER 42 U.S.C §§§§ 1981, 1983, 1985(3) AND 1986
ALLEGING EXCESSIVE USE OF FORCE AND DENIAL OF MEDICAL CARE IN
VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND RETALIATORY HARASSMENT FOR EXERCISING RIGHTS

#1

~~RIGHTS~~ TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES AND LAWSUITS IN BOTH JUDICIAL AND ADMINISTRATIVE FORMS IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND RACIAL DISCRIMINATION CONSPIRACY ON THE BASIS OF RACE OR CLASS IN VIOLATION OF THE FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE TO THE UNITED STATES CONSTITUTION.

## JURISDICTION

1. THE COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C §§ 1331 (a) AND 1343.

2. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIMS UNDER 28 U.S.C § 1367.

## PARTIES

3. THE PLAINTIFF JESSIE J. BARNES, ~~WAS~~ WERE INCARCERATED AT ~~SOUTHPORT~~ SOUTHPORT CORRECTIONAL FACILITY (HEREINAFTER "SOUTHPORT") DURING THE EVENTS DESCRIBED IN THIS COMPLAINT

4. DEFENDANTS D. MASTRANTONIO JR, R. BANKS, C. KNAPP, WILBUR, W. CHANCEO D. DAVIS, E. BARTSCH, D. WHITE, J. ROGERS, M. STAMP, S. WALUCH, D. CHALK, D. MCINTOSH, N. VANDEGRIFT ARE CORRECTION OFFICERS EMPLOYED AT SOUTHPORT. THEY ARE SUED IN THEIR INDIVIDUAL CAPACITIES.

2.

5. Defendants G. Morse, F. Raub, H. Wetzel, K. Mackay, T. Hannah and M. Shumaker are correctional sergeants in charge of routine care and treatment of special housing unit prisoners' at Southport. They are sued in their individual capacities.

6. Defendant Donahue is a lieutenant at Southport in charge of security of special housing unit prisoners' at Southport. They is sued in their individual capacity.

7. Defendants W.E. Wilcox and J. Waite are captains at Southport correctional facility in charge of implementing restraint and deprivation orders as acting deputy superintendent of security they are sued in their individual capacity.

8. Defendant G.S. Goord, is the commissioner of the department of correctional services (hereinafter "DOCS") in charge of all operations of DOCS. He is sued in his individual capacity.

9. Defendant Anthony J. Annucci is deputy commissioner and counsel in charge of all appeals for the preservation of documentation throughout DOCS. He is sued in his individual capacity.

3.

10. DEFENDANT MICHAEL McGINNIS IS THE SUPERINTENDENT OF SOUTHPORT CORRECTIONAL FACILITY IN CHARGE OF GRIEVANCE INVESTIGATIONS FILED BY PRISONERS AGAINST STAFF AT SOUTHPORT STAFF PURSUANT TO 7 NYCRR 701.11 (B)(2), AS WELL AS STATUTORY AUTHORITY TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE ALL SOUTHPORT STAFF FOR THEIR MISCONDUCT. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

11. DEFENDANT BARRY CAPEL IS THE PLANT MANAGER AT SOUTHPORT CORRECTIONAL FACILITY IN CHARGE OF ALL SOUTHPORT MAINTENANCE. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

12. DEFENDANT V. GROVER IS THE RECORDS COORDINATOR AT SOUTHPORT IN CHARGE OF PRESERVING ALL VIDEOTAPE EVIDENCE AT SOUTHPORT. SHE IS SUED IN HER INDIVIDUAL CAPACITY.

13. DEFENDANT PINE CITY IS THE MUNICIPALITY OF TOWN OF SOUTHPORT IN CHARGE OF ESTABLISHING POLICY IT IS SUED IN ITS INDIVIDUAL AND OFFICIAL CAPACITY.

14. DEFENDANT CHEMUNG COUNTY DISTRICT ATTORNEY'S OFFICE IS IN CHARGE BRINGING CRIMINAL CHARGES AGAINST ALL POSSIBLE CRIMINAL ACTS COMMITTED BY PERSONS IN CHEMUNG COUNTY. CHEMUNG COUNTY IS SUED IN ITS INDIVIDUAL AND OFFICIAL CAPACITY.

4.

15. THE DEFENDANT JOHN ALVES, IS THE MEDICAL DIRECTOR OF SOUTHPORT AND IS RESPONSIBLE FOR ENSURING THE PROVISIONS OF MEDICAL CARE FOR PRISONERS' INCARCERATED AT SOUTHPORT AND SPECIALIZED TREATMENT OR EVALUATION OUTSIDE PRISON FOR ALL PRISONERS'. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

16. DEFENDANT BOB BRANDT IS A REGISTERED NURSE IN CHARGE OF ROUTINE SICK CALL AND MEDICAL CARE FOR PRISONERS' AT SOUTHPORT. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

17. DEFENDANT RICHARD ROY IS ASSOCIATE COMMISSIONER INSPECTOR GENERAL OF DOCS IN CHARGE SPECIAL INVESTIGATIONS OF STAFF MISCONDUCT. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

18. DEFENDANT THOMAS H. GILTNER, IS DEPUTY SUPERINTENDENT OF SECURITY AT SOUTHPORT IN CHARGE OF IMPLEMENTATION OF RESTRAINT, SHIELD AND DEPRIVATION ORDERS UPON SOUTHPORT PRISONERS'. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

19. ALL DEFENDANTS HAVE ACTED, AND CONTINUE TO ACT, UNDER COLOR OF STATE LAW AT ALL TIMES RELEVANT TO THIS COMPLAINT.

## FACTS

20. THE PLAINTIFF JESSIE J. BARNES FILED A LAWSUIT THAT BECAME THE FOCAL POINT CONCERNING STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES (HEREIN AFTER DOCS) USE

OF ITS "RESTRICTED DIET LOAF" TO INFLICT CRUEL AND UNUSUAL PUNISHMENT UPON HIM CAUSING DOCS TO COME UNDER SIGNIFICANT PUBLIC SCRUTINY BY NEW YORK TIMES NEWSPAPER IN AUG. OR SEPT. 2002, "THE VIEW" TALK SHOW ON ABC AND OTHER NEWS SEGMENTS AS A RESULT MATTER OF BARNES V. MCGINNES et al INDEX NO. 1030-2002 (FEB. 2002 ISSUING AN INJUNCTION PROHIBITING DOCS AND ALL ITS AGENTS FROM ISSUING PLAINTIFF "RESTRICTED DIET").

21. ON OR ABOUT JULY 13, 2002 ATTORNEY FOR THIRTY-ONE (31) DEFENDANTS INCLUDING P. MASTRANTONIO JR., MR. GARY M. LEVINE, ASSISTANT ATTORNEY GENERAL OF COUNSEL MADE AN APPEARANCE FOR DEFENDANTS IN BARNES V. ALVES et al. 01-CV-6559 (DOCKET #13).

22. AFTER RECEIVING NOTICE ON OR ABOUT JULY 13, 2002 OF BEING PARTIES TO BARNES V. ALVES et al 01-CV-6559 (SEE DOCKET #27 DECISION ON PLAINTIFF'S 109 PAGES PRO SE SUPPLEMENTAL COMPLAINT NAMING FIFTY-ONE (51) MORE DEFENDANTS INCLUDING P. MASTRANTONIO JR.) MANY OF THE DEFENDANTS NAMED PROCEEDED TO FILE NUMEROUS FALSE MISBEHAVIOR REPORTS IN RETALIATION, AND MALICIOUSLY SYSTEMATICALLY ABUSED PLAINTIFF

23. ON SEPT. 4, 2002 UPON P. MASTRANTONIO JR COMING IN CONTACT WITH PLAINTIFF TO ESCORT HIM TO A CALL OUT

FOR AN URINALYSES TEST FOR FIRST TIME SINCE BEING NOTIFIED ON OR ABOUT JULY 13, 2002 OF HIS P. MASTRANTONIO JR. BEING NAMED AS DEFENDANT TO BARNES V. ALVES 01-CV-6559, THE PLAINTIFF IS BRUTALLY BEATEN WHILE DEFENSELESS IN FULL MECHANICAL RESTRAINTS.

24. DEFENDANT P. MASTRANTONIO JR. FILED A FALSE MISBEHAVIOR REPORT IN RETALIATION AGAINST PLAINTIFF FOR PENDING LITIGATION ALLEGING THE PLAINTIFF WHILE IN MECHANICAL RESTRAINTS TURNED WITH THREE (3) DEFENDANTS POSITIONED AROUND HIM AND STRUCK P. MASTRANTONIO JR. IN THE FACE, AS WELL AS ALLEGING THAT THE PLAINTIFF COMMITTED THE ATROCIOUS ACT OF SPITTING ON HIM P.MASTRANTONIO JR. ON UNSURVEILLANCED CORRIDOR OF B-1-GALLERY.

25. THE PLAINTIFF FILED NUMEROUS GRIEVANCES SPT-24724-02, SPT-24885-02, SPT-24915-02, SPT-24951-02, SPT-25036-02, SPT-25206-02, SPT-25610-02 AGAINST P. MASTRANTONIO JR. FOR ACTS OF VIOLENCE OR THREATS OF PERPETRATED AGAINST PLAINTIFF FOLLOWING SEPT. 4, 2002 INCIDENT AND DURING PENDENCY OF BARNES V. ALVES 01-CV-6559.

26. ON OCT. 22, 2003 THE PLAINTIFF WAS ESCORTED TO A HEARING BY DEFENDANT P. MASTRANTONIO JR. FOR FIRST TIME EVER AT SOUTHPORT CORRECTIONAL FACILITY AFTER PLAINTIFF HAD FILED GRIEVANCES SPT-24724-02, SPT-24915-02 AND SPT-24951-02 IN MONTH OF SEPT AND OCT. 2003 NAMING DEFENDANT P. MASTRANTONIO JR. AS PARTY.

27. FOLLOWING PLAINTIFF COMPLAINING TO HEARING OFFICER DEFENDANT DONAHUE OF THREATS OF VIOLENCE DURING HEARING ISSUED TO PLAINTIFF BY DEFENDANT P. MASTRANTONIO JR, PRIOR TO ENTERING HEARING ROOM THAT IS RECORDED ON OCT. 23, 2003 HEARING TAPE.

28. THE PLAINTIFF EXITED HEARING ROOM ON OCT. 22, 2003 FOR PURPOSE OF RETURNING TO HIS CELL B-1-17.

29. ON OCT. 22, 2003 AS PLAINTIFF ENTERED B-1-GALLERY OUT OF THE VIEW OF B-BLOCK SURVEILLANCE CAMERA MONITORING ALL MOVEMENT IN FRONT OF B-1-GALLERY P. MASTRANTONIO JR INITIATED A USE-OF-FORCE UPON PLAINTIFF WHILE HE WAS TOTALLY DEFENSELESS IN FULL MECHANICAL RESTRAINTS OF WAIST-CHAIN, ~~WRIST~~ HANDS-CUFFED BEHIND THE BACK AND LEG IRONS.

30. DEFENDANT P. MASTRANTONIO JR FILED AN IDENTICAL FALSE MISBEHAVIOR REPORT IN RETALIATION FOR THE PLAINTIFF ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT OF REDRESS OF GRIEVANCES AND LAWSUITS IN BOTH ADMINISTRATIVE AND JUDICIAL FORMS, ALLEGING THE PLAINTIFF WHILE DEFENSELESS IN FULL MECHANICAL RESTRAINTS COMMITTED THE SAME ATROCIOUS ACT ON THIS OCT. 22, 2003 AS SEPT. 4, 2003 OF SPITTING ON P. MASTRANTONIO JR ON UNSURVEILLANCED CORRIDOR OF B-1-GALLERY.

31. ON JAN. 31, 2003 THE PLAINTIFF WERE ESCORTED TO NOW EXPUNGED THE HEARING FOR JAN. 19, 2003 MISBEHAVIOR REPORT WRITTEN BY DEFENDANT HERSH.

32. UPON PLAINTIFF ENTERING HEARING ROOM ON JAN. 31, 2003 THE HEARING OFFICER BARRY CAPEL ATTEMPTED TO MAKE AN OFF THE RECORD PLEA AGREEMENT WITH PLAINTIFF IF HE WERE TO ENTER A PLEA OF GUILTY, BECAUSE DEFENDANT B. CAPEL STATED THE PLAINTIFF WERE IN PROCESS OF BEING DRAFTED OUT OF SOUTHPORT CORRECTIONAL FACILITY.

33. THE PLAINTIFF REJECTED SAID PLEA OFFER FROM DEFENDANT B. CAPEL WHOM BECAME ENRAGED SIMULTANEOUSLY EJECTING PLAINTIFF FROM HEARING ROOM IN RETALIATION FOR PLAINTIFF ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT IN _BARNES V. ALVES_ et al 01-CV-6559 NAMING CAPEL AS ONE OF INITIAL (31) THIRTY-ONE DEFENDANTS TO FURTHER AID AND ABETT SENSELESS PHYSICAL TRANSGRESSIONS AGAINST THE PLAINTIFF DEFENDANTS CAPEL, KNAPP, NURSE AND WILBUR ACTIVELY PREMEDITATED.

OCT. 22, 2002 RETALIATION TRANSGRESSIONS
AND EXCESSIVE USE OF FORCE CONSPIRACY
BY P. MASTRANTONIO JR. AND DEFENDANTS

34. ON OCT. 22, 2003 P. MASTRANTONIO JR. AND VANDEGRIF APPROACHED MY CELL AND ASKED THE PLAINTIFF WAS HE GOING TO ATTEND TIER II DISCIPLINARY HEARING BEING CONDUCTED BY DEFENDANT DONAHUE.

9.

35. THE PLAINTIFF REQUESTED THAT DEFENDANT VANDEGRIFT AND P. MASTRANTONIO JR. GET SGT. TO ESCORT HIM BECAUSE OF P. MASTRANTONIO JR.'S VIOLENT PROPENSITIES.

36. P. MASTRANTONIO JR. STATED: "YOU PUSSY YOU SCARED."

37. DEFENDANT VANDEGRIFT STATED "COME ON JESSIE YOU ARE NOT ONE OF THOSE PUSSY NIGGERS ARE YOU WITH A BIG MOUTH."

38. DEFENDANTS LEFT PLAINTIFF'S CELL AND RETURNED WITH DEFENDANT SGT. WETZEL.

39. THE PLAINTIFF EXITED HIS CELL AND WAS PLACED IN FULL MECHANICAL RESTRAINTS OF HAND CUFFS BEHIND THE BACK WAIST CHAIN AND LEG IRONS.

40. AS THE PARTIES PROCEEDED DOWN "B-1" GALLERY TOWARD HEARING ROOM DEFENDANT P. MASTRANTONIO JR. STATED "I AM GOING TO KILL YOUR BLACK ASS."

41. THE PLAINTIFF UPON ENTERING HEARING ROOM ON HEARING RECORD INFORMED DEFENDANT DONAHUE HEARING OFFICER OF THE THREATS P. MASTRANTONIO JR. HAD ISSUED TO HIM AS PARTIES WAS WALKING DOWN B-1 GALLERY TO HEARING ROOM.

42. DEFENDANT DONAHUE BECAME AGITATED AND ADJOURNED HEARING.

43. DEFENDANT DONAHUE THEN STATED TO THE PLAINTIFF OFF HEARING RECORD "YOU SHOULD HAVE STAYED IN YOUR CELL YOU STUPID NIGGER, CAUSE YOU WILL BE LUCKY TO MAKE IT BACK ALIVE DUMMY."

44. THE PLAINTIFF EXITED HEARING ROOM AND WAS INSTRUCTED TO STAND OUTSIDE HEARING ROOM DOOR AND FACE WALL.

45. AS PARTIES WAS STANDING OUTSIDE HEARING ROOM DEFENDANT P. MASTRANTONIO JR. WAS STANDING BEHIND THE PLAINTIFF STATING "YOUR ASS IS MINE NIGGER."

46. DEFENDANT BANKS WAS STANDING AT DOOR TO B-BLOCK RECREATION AREA REPEATEDLY STATING "JESSIE IS A PUSSY OH MY LEG."

47. DEFENDANT DONAHUE EXITED HEARING ROOM AND STATED "TAKE THE PIECE OF SHIT BACK TO HIS CELL."

48. THE PLAINTIFF TURNED AND WALKED TOWARD B-1-GALLERY SGT. RAUB WAS STANDING IN FRONT OF GALLERY AND SGT. WETZEL WAS STANDING RIGHT AT DOOR WAY FOR B-1-GALLERY.

49. THE FULL MECHANICALLY RESTRAINT PLAINTIFF WITH HANDS CUFFED BEHIND HIS BACK WAIST-CHAIN AND SHACKLED FEET WALKED THROUGH GATE ONTO UNSURVEILLANCED CORRIDOR OF B-4-GALLERY.

50. AS THE PARTIES APPROACHED SECOND SHOWER DEFENDANT D. MASTRANTONIO JR. STEPPED BACK BEHIND PLAINTIFF AND IN A MERCILELESS CRUEL AND UNUSUAL COLD-BLOODED VINDICTIVE APPLICATION OF MALICIOUS EXCESSIVE USE OF FORCE UPON PLAINTIFF THAT WERE SHOCKINGLY REPUGNANT TO THE CONSCIENCE OF MANKIND DELIBERATELY GRABBED SHACKELS HIDEOUSLY WITH WANTON AND RECKLESS DISREGARD SNATCHED THE DEFENSELESS MECHANICALLY RESTRAINT PLAINTIFF OFF HIS FEET THOUGHTLESSLY CARELESSLY CAUSING HIS BODY TO COME CRASHING DOWN ON CONCRETE FLOOR HEAD FIRST JARRING PLAINTIFF'S BODY INFLICTING HEAD AND NECK PAINS, BODY ACHES & PAINS, BRIEF BLURRED VISION AND DIZZINESS.

51. DEFENDANT D. MASTRANTONIO JR. POUNCED ON THE PLAINTIFF AND BEGAN TO MALICIOUSLY AND SADISTICALLY CHOKE THE PLAINTIFF USING HIS HAND TO SQUEEZE PLAINTIFF'S ▨ THROAT.

52. DEFENDANT D. MASTRANTONIO JR. WAS SCREAMING "I DON'T CARE I WILL KILL YOU BITCH."

12.

53. DEFENDANT VANDEGRIFT IN A DEPRAVED STATE OF MIND THAT WERE SHOCKING TO THE CONTEMPORARY STANDARDS OF DECENCY APPLIED WANTON AND MALICIOUS EXCESSIVE FORCE UPON PLAINTIFF USING A FIGURE FOUR-LEG LOCK CAUSING THE PLAINTIFF KNEE TO SWELL LIKE A BALLOON AND PROHIBITING HIM FROM WALKING ON IT FOR OVER A MONTH.

54. THE PLAINTIFF'S WAS PLEADING FOR HIS LIFE AND SCREAMING IN PAIN.

55 DEFENDANTS RAUB AND WETZEL WATCHED THE ENTIRE INCIDENT WITH NO REGARDS FOR PLAINTIFF'S LIFE AND DEFENDANTS P. MASTRANTONIO JR AND VANDEGRIFT RUTHLESS COLD BLOODED ASSAULT UPON THE PLAINTIFF WHOM WAS COMPLETELY DEFENSELESS IN FULL MECHANICAL RESTRAINTS, ACQUIESCING IN THE APPLICATION OF DEFENDANTS FORCE USED INTENTIONALLY FAILING TO INTERVENE.

56. DEFENDANTS BANKS, P. MASTRANTONIO JR., O. DAVES, E. BARTSCH, S. PALUCH, M. STAMP AND J. ROGERS WERE ALL SCREAMING LOUD IN DEPRAVED FIT OF RAGE EACH ASSAILING THE PLAIN-TIFF WITH DEROGATORY EPITETHS AS ALL THESE DEFENDANTS EXERCISED WANTON AND MALICIOUS EXCESSIVE USE OF FORCE PLAINTIFF PUNCHING STOMPING AND KICKING ALL ABOUT HIS FACE AND BODY AS PLAINTIFF LAY ON FLOOR DEFENSELESS IN FULL

13.

MECHANICAL RESTRAINTS IN AN APPLICATION of force THAT WERE REPUGNANTLY SHOCKING TO THE CONTEMPORARY STANDARDS OF DECENCY ON PLAINTIFF.

57. DEFENDANTS RAUB, WETZEL, W. CIANCIO, D. WHITE AND D. CHALK ACQUIESCED IN THE APPLICATION OF DEFENDANTS MASTRANTONIO, BANKS, DAVIS, BARTSCH, PALUCH, STAMP AND ROGERS BRUTAL DISCHARGE OF EXCESSIVE FORCE UPON PLAINTIFF AS HE LAY DEFENSELESS IN FULL MECHANICAL RESTRAINTS ON SHOWER FLOOR INTENTIONALLY FAILING TO INTERVENE.

58. THE PLAINTIFF IS THEN DRAGED IN SHOWER WHERE DEFENDANT BANKS STRUCK HIM IN THE FACE SEVERAL TIMES WITH A CLOSED FIST, DEFENDANT ~~BARTS~~ MASTRAN-NIO JR STOMPED HIM AND D. DAVIS KICKED HIM IN HIS TESTICALS AS HE LAY DEFENSELESS ON SHOWER IN FULL MECHANICAL RESTRAINTS.

59. AS THE PLAINTIFF LAY IN SHOWER ON FLOOR DEFENDANTS MCINTOSH AND DONAHUE APPROACHED THE SHOWER TOGETHER AND INDIVIDUALLY ON SEVERAL OCCASIONS ASSAILING PLAINT-IFF WITH DEROGATORY EPITETHS TO EFFECT OF "YOU ARE A PUSSY ALWAYS SCREAMING LIKE A BITCH WHEN YOU GET YOU ASS KICKED."

14.

60. DEFENDANTS D. DAVIS AND A ~~BARTSCH~~ ~~████~~ IN A SLY DEVIANT NEEDLESS SINISTER APPLICATION OF EXCESSIVE USE OF FORCE TACTIC REMOVED PLAINTIFF FROM SHOWER PULLING AND TWISTING CUFFS WHILE USING THEIR FOREARMS AS LEVERAGE ON PLAINTIFF'S RIB-CAGE TO PULL PLAINTIFF'S ELBOWS OUTWARD AND WICKEDLY MALICIOUSLY AND SADISTICALLY PUSHING THEIR FOREARMS INTO PLAINTIFF'S RIB-CAGE TO INFLICT THE HIGHEST DEGREE OF PAIN AND SUFFERAGE FROM INTENSE TENSION OF MECHANICAL RESTRAINS APPLIED ON PLAINTIFF'S BODY.

61. DEFENDANT SHUMAKER ACQUIESCED IN THE APPLICATION OF DEFENDANTS DAVIS AND BARTSCH EXCESSIVE USE OF FORCE FAILING TO INTERVENE OR DETER SUCH SLY SINISTER USE OF FORCE TACTICS.

62. AS A RESULT OF DEFENDANTS RETALIATION ASSAULT CONSPIRACY THE PLAINTIFF WAS UNABLE TO WALK ON HIS RIGHT LEG FOR NEARLY 60 DAYS, SORE THROAT, SORE NECK, AGGRAVATED MULTIPLE PRE-EXISTING MENTAL AND PHYSICAL INJURIES, AGGRAVATING CUFF NEUROPATHY CONDITION, BACK PAINS, HUMILIATION & DEGRADATION, MENTAL DURESS PRESSURE STRESS & STRAIN, ABDOMINAL PAINS, TESTICAL PAINS, JAW PAINS, FACIAL PAINS, CHEST PAINS, DIFFICULTY CONCENTRATING AND COMMUNICATING, BODY ACHES & PAINS, DIZZINESS, BLURRED VISION, SIDE PAINS, GROIN PAINS, TESTICAL PAINS, RECTAL PAINS, SHOULDER PAINS,

AGGRAVATING PRE-EXISTING MILD DEPRESSIVE CONDITION, AGGRAVATING DISTAL TUBULA AND VICARIOUS VEIN CONDITIONS IN BOTH LEGS, MODERATE POST-TRAUMATIC STRESS DISORDER, PARANOIA, ~~NERVOUS~~ NERVOUS DISORIENTATION, NIGHTMARES, SERIOUS MENTAL PAINS, LASTING HYPERTENSION, DIFFICULTY WITH AUTHORITY, LASTING EMOTIONAL DISTRESS, DISTRUSTFUL PARANOIA FOR ALL LAW ENFORCEMENT OFFICIALS, ANXIETY ATTACKS, MENTAL ANGUISH, COLD SWEATS, SEVERE AVOIDANCE PROBLEMS, FEELINGS OF USELESSNESS, SHORT TERM MEMORY LOSS, DEPRESSION STRESS GASTROINTESTINAL COMPLICATION, FEAR OF WHAT OTHERS THINK, FEELINGS OF EXTREME GUILT, INFLICTION OF EMOTIONAL DISTRESS, CHRONIC INSECURE DEPRESSION SYNDROME, INSOMNIA, SLEEP PROBLEMS, MUSCLE TENSION, DECREASE APPETITE, FATIGUE EASY, LACK OF MOTIVATION, HEAD-ACHES AND FEELINGS OF INADEQUACY.

JAN. 31, 2003
~~B~~ RETALIATION EXCESSIVE
USE OF FORCE CONSPIRACY

63. DEFENDANT CAPEL STATED "WE HAVE BEEN THROUGH THIS BEFORE, I AM AWARE OF YOUR LAW-SUIT AND DON'T CARE ABOUT IT, YOU ARE NOT GETTING ANY ASSISTANT."

64. DEFENDANT CAPEL WITHOUT JUST CAUSE ~~STATED~~ ABRUPTLY STATED "I AM EJECTING YOU FROM HEARING ROOM."

16.

65. DEFENDANTS KNAPP AND MORSE WAS STANDING AT DOOR LOOKING THROUGH WINDOW.

66. DEFENDANTS KNAPP AND MORSE BARGED INTO HEARING ROOM AND GRABBED THE PLAINTIFF.

67. DEFENDANTS WILBUR GRABBED PLAINTIFF AROUND NECK.

68. DEFENDANTS KNAPP AND MORSE SQUEEZE THE HANDCUFFS SO THEY WOULD TIGHTEN UP AND PINCH THE NERVES IN PLAINTIFF'S HANDS AGGRAVATING PRE-EXISTING CUFF NEUROPATHY CONDITION.

69. DEFENDANT CAPEL WAS LAUGHING.

70. DEFENDANTS KNAPP AND WILBUR BEGAN MALICIOUSLY AND SADISTICALLY TWISTING THE CUFFS TO INFLICT SENSELESS PAIN ON PLAINTIFF.

71. THE PLAINTIFF STATED "YO MORSE TELL THEM TO STOP TWISTING CUFFS CAUSE THEY ARE HURTING MY HANDS."

72. DEFENDANT MORSE STATED "SHUT-UP AND STOP YOUR WHINNING, IF YOU DON'T LIKE IT DO SOMETHING ABOUT IT."

73. DEFENDANTS MORSE, KNAPP, WILBUR AND CAPEL ALL PURPOSEFULLY INTENTIONALLY FAILED TO CALL MEDICAL STAFF TO EXAMINE PLAINTIFF OR TAKE USE OF FORCE PHOTOGRAPHS DEPICTING BRUISES ON PLAINTIFFS WRISTS AND HIS SWOLLEN HANDS OR FILE ANY REPORTS IN ACCORDANCE WITH PROVISIONS OF DEPARTMENT POLICY #4444 IN A CONSPIRACY TO COVER-UP AND CONCEAL PREMEDITATE SENSELESS EXCESSIVE FORCE USED UPON PLAINTIFF.

74. AS A RESULT OF THIS Jan. 31, 2003 ASSAULT DEFENDANTS INFLICTED FURTHER DAMAGE TO PLAINTIFF'S CUFF NEUROPATHY CONDITION, SUICIDAL IDEATIONS, SORE THROAT, NECK PAINS, AGGRAVATING MULTIPLE PRE-EXISTING MENTAL AND PHYSICAL INJURIES, MENTAL DURESS PRESSURE STRESS & STRAIN, ABDOMINAL PAINS, DIFFICULTY CONCENTRATING AND COMMUNICATING, RECTAL PAINS, AGGRAVATING PRE-EXISTING MILD DEPRESSIVE CONDITION, MODERATE POST-TRAUMATIC STRESS DISORDER, PARANOIA, NERVOUS DISORIENTATION, NIGHTMARES, SERIOUS MENTAL PAINS, LASTING HYPERTENSION, DIFFICULTY WITH AUTHORITY, LASTING EMOTIONAL DISTRESS, DISTRUSTFUL PARANOIA FOR ALL LAW ENFORCEMENT OFFICIALS, ANXIETY ATTACKS, MENTAL ANGUISH, COLD SWEATS, SEVERE AVOIDANCE PROBLEMS, FEELINGS OF USELESSNESS, SHORT TERM MEMORY LOSS, DEPRESSION STRESS GASTROINTESTINAL COMPLICATION, FEAR OF WHAT OTHERS THINK, FEELINGS OF EXTREME GUILT, INFLICTION OF EMOTIONAL DISTRESS, CHRONIC INSECURE DEPRESSION SYNDROME, INSOMNIA, SLEEP PROBLEMS, HEAD-ACHES AND LACK OF MOTIVATION.

18.

SUPERVISORY OFFICIALS
ioROSS NEGLIGENT MANAGEMENT
AND DELIBERATE INDIFFERENCE
CUSTOM OR POLICY

75. DEFENDANT MCGINNEY'S GROSS NEGLIGENT MANAGEMENT SUPERVISION
OF FAILING TO PROPERLY TRAIN, SUPERVISE OR DISCIPLINE SUBORDI-
NATE DEFENDANTS p. MASTRANTONIO JR, BANKS, WILBUR, KNAPP,
DAVIS, BARSTCH, ROGERS, STAMP, PALUCH, CHALK, MCINTOSH, CIANGTO,
VANDEGRIFT, MORSE, RAUB, WETZEL, MACKAY, HANNAH, SHUMAKER,
CREATING A POLICY OR CUSTOM UNDER WHICH UNCONSTITUTIONAL
PRACTICES OCCURRED, OR ALLOWED SUCH A POLICY OR CUSTOM
TO CONTINUE : (1) BEING ON NOTICE OF THE PLAINTIFF ENGAGING
IN CONSTITUTIONALLY PROTECTED CONDUCT IN BARNES V. ALVES et al.
01-CV-6559 AND THIS CONDUCT BEING THE MOTIVATING FACTOR
BEHIND DEFENDANT'S RETALIATION ; (2) THE INTERNAL INVESTIGATION
OF PLAINTIFF RETALIATION HARASSMENT GRIEVANCES AND
EXCESSIVE USE OF FORCE AGAINST DEFENDANTS MASTRANTONIO JR., BANKS,
AND BRANDT 24724, 24743, 24778, 24885, 24915, 24981,
25086, 25206 AND 25610, AS WELL AS WRITTEN COMPLAINTS
DATED : OCT 29,2002 AND DEC. 19, 2002 TO SUPT MCGINNIS ;
(3) SEE ALSO COMPLAINTS FROM PLAINTIFF'S COUNSEL OF RECORD
MRS. SARAH B. FULLER, STAFF ATTORNEY FOR PRISONER'S LEGAL
SERVICES OF NEW YORK REPRESENTING THE PLAINTIFF IN
BARNES V. MCGINNIS et al. INDEX NO. 2002-1030 DATED OCT. 29,2002,
NOV. 13, 2002, NOV. 18, 2002 AND NOV. 18, 2002 COMPLAINING OF
THE ABUSE OF PLAINTIFF BY DEFENDANT MASTRANTONIO JR.
EVIDENCED AN EGREGIOUS LACK OF SUPERVISION ; (4) A LACK OF

SUPERVISION AND TRAINING WAS INVOLVED IN THE CONTINUOUS
BRUTAL BEATINGS THE PLAINTIFF RECEIVED IN RETALIATION
FOR HIS ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT
FROM DEFENDANTS BANKS AND P. MASTRANTONIO WHILE IN
FULL MECHANICAL RESTRAINTS ON CONSECUTIVE OCCASIONS;"
(5) DEFENDANTS ALVES AND BRANDT RETALIATORY
DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS
MEDICAL NEEDS AND INTENTIONALLY CURTAILING ENTRY
OF INJURIES TO PLAINTIFF IN HIS AMBULATORY HEALTH RECORDS
DIRECTLY SUBJECTED PLAINTIFF TO EXCESSIVE FORCE.

76. DEFENDANT MCGINNIS WAS PLACED ON NOTICE OF
VINDICTIVE VIOLENT PROPENSITIES AND ABUSIVE CONDUCT
BY DEFENDANT P. MASTRANTONIO JR. OF RUTHLESSLY WICKEDLY
USING UNSURVEILLANCED CORRIDOR OF B-1-GALLERY TO
STAGE BRUTAL PHYSICAL ATTACKS ON DEFENSELESS FULL
MECHANICALLY RESTRAINT OF PLAINTIFF IN VENGEFUL
RETALIATION FOR THE PLAINTIFF'S CONTINUOUSLY ENGAGING
IN CONSTITUTIONALLY PROTECTED CONDUCT RIGHT TO PETITION
GOVERNMENT FOR REDRESS OF GRIEVANCES 24724, 24915,
25086, 25206, 25610 AND LAWSUITS BARNES V. ALVES
01-CV-6559, BARNES V. MCGINNIS INDEX NO. 2002-1030.

77. THE RIGHT OF PLAINTIFF TO SEEK REDRESS OF GRIEVANCES
IN BOTH JUDICIAL AND ADMINISTRATIVE FORMS IS "AMONGST
THE MOST PRECIOUS OF THE LIBERTIES SAFEGUARDED BY THE
BILL OF RIGHTS."

78. IN LIGHT OF FACT DEFENDANT D. MASTRANTONIO JR FILING IDENTICAL WRITTEN REPORTS WITH DEFENDANT McGINNIS IN CONNECTION WITH 9/4/02 AND 10/22/02 EXCESSIVE USE-OF-FORCE INCIDENTS. SEE USE-OF-FORCE REPORTS 9/4/02 AND 10/22/02.

79. DEFENDANT McGINNIS AS PARTY TO BARNES V. ALVES 01-CV-6559 AND BARNES V. McGINNIS INDEX NO. 2002-1030 IN RETALIATION HAD A SUFFICIENTLY CULPABLE STATE-OF-MIND IN HIS FAILURE TO PROTECT PLAINTIFF FROM SUBSTANTIAL RISK OF SERIOUS HARM ON UNSURVEILLANCED CORRIDOR BY DEFEN-DANT D. MASTRANTONIO JR. AFTER BEING PLACED ON NOTICE OF 9/4/02 INCIDENT THROUGH COMPLAINTS AND GRIEVANCE 24724 AND HE DEFENDANT McGINNIS DISREGARDED THE EXCESSIVE RISK TO PLAINTIFF'S HEALTH OR SAFETY ON OCT. 22, 2002. SEE GRIEVANCE SPT-24724 ( ACTION REQUESTED: "(1) ALL MOVEMENT OUTSIDE MY CELL BE RECORDED ON HAND-HELD CAMCORDER.")

80. DEFENDANT McGINNIS HAS BEEN PLACED ON NOTICE OF THE RETALIATORY AND ABUSIVE CONDUCT OF D. MASTRA-ANTONIO JR. BY NUMEROUS COMPLAINTS AND GRIEVANCES OVER MANY MONTHS, BUT HAS FAILED TO TAKE-DISCIPLINARY ACTION AGAINST THEM OR OTHERWISE TO CONTROL THEIR BEHAVIOR. SEE COMPLAINTS FROM PRISONERS' LEGAL SERVICES OF NEW YORK SARAH DEBY FULLER, ATTORNEY FOR PETITIONER IN MATTER OF BARNES V. McGINNIS DATED OCT. 24, 2002 AND NOV. 13, 18, 2002.

81. Defendant McGinnes cannot claim that he did not "personally know, acquiesce or participate in any deprivation of plaintiff's constitutional rights."

82. Defendant McGinnes's inadequate investigations of performances evidences a purposeful tolerance of civil rights violations by employees.

83. This tolerance by Defendant McGinnes amount to deliberate indifference with regard to the supervision and discipline of his subordinate correctional officers.

84. The clear uncontroverted evidence of the malicious and sadistic assault upon plaintiff was presented to Defendant McGinnes. The investigation into plaintiff's grievance complaints pursuant to 7NYCRR 701.11(b)(2) by Defendant McGinnes he boldly ignored that evidence and arrogantly refused to search for answers, accepted without question denials by involved correctional officers, sergeants and nurses and concluded that plaintiff's claims were not 'only' without merit, but unsubstantiated.

85. Defendant McGinnes's investigations are premised on arbitrary and malicious bias and partial less than vigorous process of investigator relying on staff statements alone as evidence for investigation.

22.

86. Such tolerance by defendant McGinnis in the form of failure to investigate discipline or correct violations suggests an adoption of a policy supporting violations supervisory inaction such as the persistent failure to discipline subordinates who violated plaintiff's civil rights give rise to an unlawful supervisory policy ratification of unconstitutional conduct.

87. This tolerence by defendant McGinnis amounted to deliberate indifference with regard to the supervision and discipline of his subordinate correctional officers is "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the constitution and laws."

88. Defendant Giltner as party to BARNES V. ALVES 01-CV-6559 in retaliation had a sufficiently culpable state of mind in his failure to protect plaintiff from substantial risk of serious harm on unsurveillanced corridor by D. Mastrantonio Jr after being placed on notice of 9/4/02 incident through complaints, restraint shield and deprivation order review appeals and grievance 24724 and he defendant Giltner disregarded the excessive risk to plaintiff's health or safety on Oct. 20, 2002. See grievance SPT-24724 (action requested: "(1) all movement outside my cell be recorded on hand-held camcorder.")

89. DEFENDANT GILMER HAS BEEN PLACED ON NOTICE OF THE
    RETALIATORY ABUSIVE AND VIOLENT PROPENSITIES OF
    P. MASTRANTONIO JR. BY NUMEROUS COMPLAINTS
    , GRIEVANCE INVESTIGATIONS, RESTRAINT, DEPRIVATION AND
    SHIELD REVIEW ORDER APPEALS OVER MANY MONTHS,
    BUT FAILED TO TAKE DISCIPLINARY ACTION AGAINST
    THEM OR OTHERWISE TO CONTROL THEIR BEHAVIOR. SEE
    OCT. 29, 2002 COMPLAINT TO MESSERS McGINNIS AND GILMER,
    SEE DEC. 12, 2002 RESTRAINT ORDER REVIEW APPEAL AND
    SEPT. 11, 2002 AND DEC. 31, 2002 LETTERS TO PLAINTIFF
    FROM MR. LECLAIRE JR.

90. DEFENDANT GILMER HAVE CONTINUED TO ENGAGE IN SOUTHPORT
    CORRECTIONAL FACILITY GROSS NEGLIGENT MANAGEMENT
    SUPERVISORY CUSTOM POLICY OR PRACTICE OF FAILURE TO PROPERLY
    TRAIN, SUPERVISE OR DISCIPLINE CORRECTIONAL OFFICERS
    THAT HAVE VIOLATED PLAINTIFF'S CIVIL RIGHTS PURPO-
    SEFULLY ACTING IN BAD FAITH INTENTIONALLY CONTINUOUSLY
    IMPLEMENTING DEPRIVATION RESTRAINT AND SHIELD ORDERS
    WANTON AND RECKLESSLY TO SYSTEMATICALLY OPPRESS PLAINTIFF
    AND CAUSE MALICIOUS HARM TO HIM (ZO.)

91. DEFENDANT GOORD HAS BEEN ON NOTICE OF THE RETALIATORY
    ABUSE AND VIOLENT PROPENSITIES OF DEFENDANTS
    McINTOSH, MARSHALL AND P. MASTRANTONIO JR. THROU-
    GH SWORN COMPLAINTS, RESTRAINT, SHIELD AND DEPRIVAT-
    ION ORDER REVIEW APPEALS OVER NUMEROUS MONTHS

24.

~~PLAINTIFF~~ BY PLAINTIFF, BUT FAILED TO TAKE DISCIPLINARY ACTIONS AGAINST THEM OR OTHERWISE TO CONTROL THEIR BEHAVIOUR IN EITHER REJECTION OF COMPLAINT OR ABSOLVING STAFF OF ALL MISCONDUCT WHEN SUCH ABUSE IS AS BLATANT AS HEREIN. SEE LETTERS FROM L.J. LECLAIRE JR ON BEHALF OF DEFENDANT GOORD DATED SEPT. 11, 2002, OCT. 22, 2002, NOV. 12, 2002 AND DEC. 23, 2002; SEE ALSO OCT. 25, 2002 SWORN COMPLAINT TO GLENN S. GOORD.

92. DEFENDANT GOORD WAS AWARE OF FACTS AND CIRCUMSTANCES THAT EXISTED WITH PLAINTIFF AND DEFENDANTS AT SOUTHPORT AND THAT A SUBSTANTIAL RISK OF SERIOUS HARM TO PLAINTIFF CONTINUED TO EXIST AS HE REMAINED INCARCERATED AT SOUTHPORT UNDER COMPLETE CARE CUSTODY & CONTROL OF DEFENDANT McGINNIS WHOM AS PARTY TO BARNES V. ALVES 01-CV-6559 AND BARNES V. McGINNIS INDEX NO. 2002-1030 IN RETALIATION HAD A SUFFICIENTLY WICKED CULPABLE STATE OF MIND IN HIS McGINNIS DELIBERATE INDIFFERENCE FAILURE TO PROTECT PLAINTIFF FROM THE THREAT OR SUBSTANTIAL RISK OF SERIOUS HARM POSED TO HIM BY D. MASTRANTONIO JR. AND OTHER DEFENDANTS AT SOUTHPORT NAMED IN BARNES V. ALVES, AND DEFENDANTS GOORD'S DISREGARDING EXCESSIVE RISK TO PLAINTIFF'S HEALTH OR SAFETY INTENTIONALLY DELIBERATELY FAILING TO INTERVENE AND TRANSFER PLAINTIFF PRIOR TO SEPT. 4, 2002 INCIDENT INVOLVING

DEFENDANT D. MASTRANTONIO JR. OR BEFORE OCT. 22, 2002 USE OF FORCE INCIDENT INVOLVING D. MASTRANTONIO JR. IS "CONDUCT WHICH 'SUBJECTS, OR CAUSES TO BE SUBJECTED' THE COMPLAINANT TO A DEPRIVATION OF A RIGHT SECURED BY THE CONSTITUTION AND LAWS." SEE OCT. 24, 2002 LETTER TO M MCGINNIS FROM PLS; SEE OCT. 24, 2002 LETTER TO C.A. COCCHIOLA FROM PLS; SEE ALSO NOV. 15, 2002 LETTER TO M MCGINNES FROM PLS AND; NOV. 4, 2002 LETTER TO PLS FROM A.J. ANNUCCI.

## COUNTY OF CHEMUNG AND DISTRICT ATTORNEY'S OFFICE MUNICIPAL RACIAL DISCRIMINATION CONSPIRACY DE FACTO GOVERNMENTAL CUSTOMER PRACTICE

93. THE COUNTY OF CHEMUNG DISTRICT ATTORNEY'S OFFICE HAS NO AFFIRMATIVE ACTION PROGRAM POLICIES IN EFFECT TO EMPLOY A MINORITY ON ITS STAFF.

94. THE COUNTY OF CHEMUNG NEGLIGENT HIRING DE FACTO GOVERNMENTAL POLICY OR PRACTICE OF HIRING ALL WHITE STAFF EMPLOYEES OF CAUCASIAN DECENT TO OPERATE DISTRICT ATTORNEY'S OFFICE AND OFFICE'S DAILY FUNCTION BEING AMIDST AN ATMOSPHERE DEVOID OF AN EMPLOYEE OF MINORITY ETHNIC PERPETUATING RACIAL TENSION OR PREJUDICES OF COUNTY OF CHEMUNG'S DISTRICT ATTORNEY OFFICE PURSUING FELONY COMPLAINTS AGAINST AN

AFRICAN AMERICAN RESIDENT IN CHEMUNG COUNTY.

95. THE PLAINTIFF FILED A FELONY COMPLAINT DATED SEPT. 5, 2002 SEEKING CRIMINAL CHARGES AGAINST CORRECTION OFFICER D. MASTRANTONIO JR. FOR ASSAULTING HIM COUNTY OF CHEMUNG DISTRICT ATTORNEY'S OFFICE REJECTED THE COMPLAINT SIMPLY BECAUSE THE PLAINTIFF WAS INCARCERATED. SEE SEPT. 12, 2002 LETTER FROM HERMAN C. BROWN JR. INVESTIGATOR COUNTY OF CHEMUNG DISTRICT ATTORNEY'S OFFICE.

96. THE PLAINTIFF FILED DUPLICATE LETTERS WITH FELONY COMPLAINTS INFORMING COUNTY OF CHEMUNG DISTRICT ATTORNEY'S OFFICE THAT PLAINTIFF IS AN "AFRICAN AMERICAN INCARCERATED WITHIN JURISDICTION OF THE CONTINENTAL UNITED STATES AND AS SUCH A RESIDENT OF U.S. I HAVE A RIGHT TO EQUAL PROTECTION OF LAWS AS PRESCRIBED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATE CONSTITUTION, SHOULD YOUR OFFICE FAIL TO INVESTIGATE COMPLAINT, CHEMUNG COUNTY WILL BE DISCRIMINATING AGAINST ME BECAUSE MY LIFE IS IN DANGER," DATED OCT. 25, 2002 AND NOV. 18, 2002 SEEKING CRIMINAL CHARGES AGAINST CORRECTION OFFICER D. MASTRANTONIO JR FOR ASSAULTING THE PLAINTIFF FOR SECOND TIME AND ONCE AGAIN THESE COMPLAINTS WERE REJECTED FOR IDENTICAL REASONS. SEE NOV. 21, 2002 LETTER FROM HERMAN C. BROWN JR. INVESTIGATOR COUNTY OF CHEMUNG DISTRICT ATTORNEY'S OFFICE.

97. Defendant municipality County of Chemung de facto governmental custom policy or practice of, acting through its District Attorney's office to deprive Blacks and others of their civil rights in the manner in which plaintiff's rights are alleged to have been violated.

98. Repeated and notorious incidents of a like kind reported to Chemung County District Attorney's office concerning correction officer D. Mastrantonio Jr. brutally beating Southport prisoners.

99. Repeated failures by County of Chemung District Attorney's office to investigate or pursue any criminal charges against correction officers for assaulting Southport prisoners.

100. Repeated failures by County of Chemung to train and educate District Attorney and its agents on properly processing complaints filed by Southport prisoners with allegations of having been assaulted by Southport correction officers.

101. Repeated failures of County of Chemung District Attorney's office to cull out known offenders among Southport correction officers.

102. REPEATED FAILURES OF COUNTY OF CHEMUNG DISTRICT
ATTORNEY'S OFFICE TO BRING CRIMINAL CHARGES
AGAINST SOUTHPORT CORRECTION OFFICERS ON BEHALF
OF ASSAULTED BLACK AND HISPANIC PRISONERS.

103. DEFENDANT COUNTY OF CHEMUNG AND ITS DISTRICT
ATTORNEY'S OFFICE AGENTS REPEATED AND DELIBERATE
FAILURES TO FIND WRONGDOING AND CRIMINAL VIOLATIONS
ON THE PART OF SOUTHPORT CORRECTION OFFICERS, EVEN WHEN SUCH
WRONGDOING IS AS BLATANT AS THE FACTS HEREIN OR WORSE.

104. REPEATED INSTANCES ON THE PART OF COUNTY OF CHEMUNG
DISTRICT ATTORNEY'S OFFICE AGENT INVESTIGATORS
IN SUCH CASES EITHER ACTIVELY OR PASSIVELY TO COVER-UP
AND ABSOLVE SUCH WRONGDOING ON THE PART OF SOUTHPORT
CORRECTION OFFICERS.

105. THE DEFENDANT COUNTY OF CHEMUNG'S CUSTOM OR PRACTICE
"HAS CREATED A PERSUASIVE FAMILIAR AND RECOGNIZABLE
PATTERN OF CONDUCT ON THE PART OF MANY SOUTHPORT
CORRECTION OFFICERS AND HAS GIVEN RISE DIRECTLY TO THE
CONSTITUTIONAL DEPRIVATIONS OF THE PLAINTIFFS HEREIN."

RESTRAINT, CELL SHIELD AND
DEPRIVATION ORDER RETALIATION
CONSPIRACY IMPLEMENTATION

29.

106. DEFENDANTS GELTNER, WILLOX, WAITE, AUGUSTINE, WETZEL, SHUMAKER, HANNAH, MORSE AND MACKAY HAVE CONTINUED TO ACTIVELY PARTICIPATE IN A MALICIOUS AND WANTON COMPLEX SYSTEMATIC RETALIATION CONSPIRACY AGAINST THE PLAINTIFF FOR HIS ENGAGING IN CONSTITUT-IONALLY PROTECTED CONDUCT RIGHTS TO PETITION GOVERNMENT IN JUDICIAL FORMS IN LAWSUITS BARNES V. ALVES et al. 01-CV-6559 AND BARNES V. MCGINNIS et al. INDEX NO. 2002-1030 CONTINUOUSLY ARBITRARY AND CAPRICIOUSLY IMPLEMENTING VAGUE, RESTRAINT, SHIELD AND DEPRIVATION ORDERS TO CAUSE MALICIOUS HARM TO PLAINTIFF: (1) RESTRAINT, SHIELD, AND DEPRIVATION ORDERS BEING IMPOSED ON A WEEKLY BASIS UNDER PRETENSE OF FALSE MISLEADING STATEMENTS OF DEFENDANT SERGEANTS WETZEL, SHUMAKER, HANNAH, MORSE AND MACKAY; (2) FALSE MISBEHAVIOR REPORTS FILED IN RETALIATION BY DEFENDANT D. MASTRANTONIO JR. AGAINST PLAINTIFF FOR HIS CONTINUOUSLY ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT RIGHTS TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES 24724, 24915, 25086, 25206, 25610 AND LAWSUITS IN BOTH ADMINISTRATIVE AND JUDICIAL FORMS; (3) PLACING BLACK AND HISPANIC PRISONERS ON WATER AND EXERCISE DEPRIVATION FOR AN EXCESSIVE NUMBER OF DAYS AND WEEKS; (4) UNCONST-ITUTIONALLY DEPRIVING PRISONERS ON RESTRICTED DIET OF WATER FOR SEVEN DAYS AT A TIME; (5) ENFORCING VAGUE CELL CLEAN-UP DEPRIVATION ORDERS ON PRISONERS' FOR WEEKS AT A TIME WHICH SERVES ABSOLUTELY NO PENOLOGICAL JUSTIFICATION OTHER THAN TO INFRINGE ON PRISONERS'

EVERYDAY PRISON LIFE WITH UNSANITARY LIVING CONDITIONS.
SEE RESTRAINT, SHIELD AND DEPRIVATION ORDER RENEWAL
FORMS 2186, 2187 AND 2188 FROM Oct. 22, 2002 THRU
12/2/02.

107. THE PLAINTIFF WAS UNDER CONTINUOUS FULL MECHANICAL
RESTRAINT ORDER FROM AUG. 10, 2002 TIL DEC. 23, 2002
~~FOR~~ 133 CONSECUTIVE DAYS.

108. THE PLAINTIFF REMAINED UNDER CONTINUOUS RECREATION
DEPRIVATION FOR 145 CONSECUTIVE DAYS FROM JULY 2,
2002 TIL APPROXIMATELY NOV. 27, 2002.

109. DEFENDANT GELTNER'S GROSS NEGLIGENT MANAGEMENT OF
SUBORDINATES CONTINUOUSLY ARBITRARILY CAPRICIOUSLY
IN RETALIATION IMPLEMENTING EXCESSIVE RESTRAINT,
SHIELD AND DEPRIVATION ORDERS UPON THE PLAINTIFF. SEE
DEC. 12, 2002 RESTRAINT ORDER REVIEW APPEAL; SEE ALSO DEC. 31,
2002 AND SEPT. 11, 2002 LETTERS FROM MR. LUCIEN J. LECLAIRE
JR.

110. AS A RESULT OF DEFENDANTS ARBITRARY CAPRICIOUS RETALIATION
IMPLEMENTATION OF VAGUE HARSH AND EXCESSIVE RESTRAINT
SHIELD AND DEPRIVATION ORDERS UPON PLAINTIFF IT AGGRAV-
ATED MULTIPLE PRE-EXISTING MENTAL AND PHYSICAL INJURIES,
BODY ACHES AND PAINS, JOINT STIFFNESS, AGGRAVATION OF CUFF
NEUROPATHY CONDITION, NASAL PROBLEMS, DECONGESTIVE PROBLEMS,

BREATHING PROBLEMS, NAUSEA, HUMILIATION & DEGRADATION, DURESS PRESSURE STRESS & STRAIN, DIZZINESS, ABDOMINAL PAINS, SNEEZING, ITCHING OF NOSE, ITCHING OF THROAT, RECTAL PAINS, SHORTNESS OF BREATH, DIFFICULTY CONCENTRATING AND COMMUNI-CATING, SHOULDER PAINS, BACK PAINS, FLASHBACKS, AGGRAVAT-ING PRE-EXISTING MILD DEPRESSIVE CONDITION, AGGRAVATING DISTAL TUBULA AND VICARIOUS VEIN CONDITION IN BOTH LEGS, MODERATE POST-TRAUMATIC STRESS DISORDER, PARANOIA, DIZZY SPELLS, NERVOUS DISORIENTATION, NIGHTMARE, SERIOUS MENTAL PAINS, LASTING HYPERTENSION, DIFFICULTY WITH AUTHORITY, LASTING EMOTIONAL DISTRESS, DISTRUSTFUL PARANOIA FOR ALL LAW ENFORCEMENT OFFICIALS, ANXIETY ATTACKS, MENTAL ANGUISH, COLD SWEATS, SEVERE AVOIDANCE PROBLEMS, FEELINGS OF USELESSNESS, SHORT TERM MEMORY LOSS, SUBSTANTIAL WEIGHT LOSS, DEPRESSION STRESS GASTROINTESTINAL COMPLICATION, FEAR OF WHAT OTHERS THINK, FEELINGS OF EXTREME GUILT, INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, CHRONIC INSECURE DEPRESSION, MUSCLE TENSION, DECREASE APPETITE, FATIGUE EASY, LACK OF MOTIVATION, FEELINGS OF INADEQUACY.

## DENIAL OF DUE PROCESS

111 DEFENDANTS CARLSEN, MCGINNIS, AND ANNUCCI KNEW OF STATE DELINQUENT CUSTOM, POLICY OR PRACTICE OF TARGETING BLACK AND HISPANIC PRISONERS WITH SYSTEMATIC MISTREATMENT TRANSGRESSIONS TO CAUSE MALICIOUS HARM TO THEM AND

ACQUIESCED IN ITS APPLICATION UPON PLAINTIFF INTENT-
IONALLY WILFULLY DELIBERATELY ACTIVELY PARTICIPATING
OR CONDONING DESTRUCTION OF ESSENTIAL RELEVANT DOCU-
MENTARY SURVEILLANCE VIDEOTAPE EVIDENCE DEPICTING
DEFENDANT D. MASTRANTONIO JR. MISCONDUCT IN CONNECTION
WITH SEPT. 4, 2002 AND OCT. 22, 2002 USE OF FORCE
INCIDENTS DESPITE PLAINTIFF FILING NOTICE OF THEIR
OFFICES TO PRESERVE THE FOLLOWING VIDEOTAPES:

A. OCT. 22, 2002  B-BLOCK VIDEOTAPE IN
   FRONT OF B-1 GALLERY DEPICTING PLAINTIFF
   ENTER GALLERY AFTER EXITING HEARING
   ROOM ON OCT. 22, 2002 AND ALL MOVEMENT
   THEREAFTER IN FRONT OF B-1 GALLERY DURING
   OCT. 22, 2002 USE OF FORCE INCIDENT.

112.
112. THE PLAINTIFF FILE NUMEROUS TIMELY NOTICE TO
     PRESERVE OCT. 22, 2002 VIDEOTAPE WITH DEFENDANTS. SEE
     SEPT. 21, 2002 LETTER TO DEF. MCGINNIS FROM PLT; SEE NOV. 1, 2002
     APPEAL TO DEF. ANNUCCI; SEE ALSO DEC. 22, 2002; SEE DOCS
     MEMORANDUMS DATED NOV. 8, 2002, DEC. 4, 2002; SEE GRV. 24802

            DELIBERATE INDIFFERENCE
         TO PLAINTIFF'S SERIOUS
         MEDICAL NEEDS

33.

113. ~~[scribbled out]~~ DEFENDANTS ALVES AND BRANDT ABILITY TO FUNCTION WITH DUE CARE PROFESSIONALISM CONCERNING TREATMENT OF PLAINTIFF'S SERIOUS MEDICAL NEEDS IS NOT 'ONLY' TAINTED WITH BIAS OF SOUTHPORT RACIAL ANIMUS DE-FACTO GOVERNMENTAL CUSTOM POLICY OR PRACTICE MOTIVATION FACTOR BUT MORED WITH DELIBERATE MALEVOLENT DIFFERENTATION IN RETALIATION FOR HIS ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT RIGHTS TO PETITION GOVERNMENT FOR RE-DRESS OF GRIEVANCES AND LAWSUITS IN BOTH ADMINISTRATIVE AND JUDICIAL FORMS CHALLENGING SOUTHPORT STAFF DELINQUENT CUSTOM POLICY OR PRACTICE OF TARGETING BLACK AND LATINO PRISONERS' WITH SYSTEMATIC MISTREATMENT TRANSGRESSIONS TO CAUSE MALICIOUS HARM TO THEM. (SEE BARNES V. ALVES et al 01-CV-6559); (SEE BARNES V. MCGINNIS et al. INDEX NO. 2002-1030); (SEE ALSO GRIEVANCES SPT-24743-02, SPT-24778-02, SPT-24885-02, SPT-24956-02, SPT-25206-02 AND SPT-25247).


114. ON OCT. 22, 2002 DEFENDANT BRANDT FOR THE PURPOSE-OF RETALIATION OR REVENGE CONTINUED TO INTENTIONALLY DELIBERATELY HIDEOUSLY CURTAIL PLAINTIFF'S AMBULATORY HEALTH RECORDS TO UNDERMINE THE EXTENT OF INJURIES HE SUSTAINED, AND FALSE MISLEADING DESCRIPTION OF INJURIES AND CHARACTERIZATION OF EXACTLY HOW PLAINTIFF SUSTAINED THOSE INJURIES. (SEE OCT. 22, 2002 USE OF FORCE ADDENDUM PART-B FORM #2104.1 "MINIMAL FORCE USED TO AVERT FURTHER UNHYGENIC ACTS BY INMATE").

34.

115. ON OCT. 23, 2002 DEFENDANT BRANDT APPROACHED THE PLAINTIFF'S CELL FOR SICK CALL AND MADE THE FOLLOWING STATEMENT BEFORE ABRUPTLY WALKING AWAY FROM MY CELL "HEY YOU SHOULD NOT BE SPITTING ON OFFICER MASTRANTONIO JR. AND THE OFFICERS WON'T KEEP USING FORCE ON YOU AND THERE'S NOTHING WRONG WITH YOU ANYWAY."

116. DEFENDANT BRANDT DENIED ME SICK CALL ON 10/23/02 AND REFUSE TO NOT MY SWOLLEN LEG AND SWOLLEN FACE.

117. DEFENDANT ALVES ENTERED INTO VERBAL CONTACT WITH PLAINTIFF ON OCT 31, 2002 STATING "X-RAYS WILL BE DONE ON NOV. 5, 2002."

118. THE PLAINTIFF THEN STATED " DOCTOR ALVES I NEED TO LEAVE THIS JAIL CAN YOU RECOMMEND A TRANSFER."

119. DEFENDANT ALVES THEN MADE A CHILLING VENGEFUL STATEMENT "HUH YOU KIDDING THEY DON'T LISTEN TO ME THEY PAY ME ABOUT AS MUCH ATTENTION AS I PAY YOU WHEN YOU COME SEE ME."

120. DEFENDANT ALVES DELIBERATELY DID NOT X-RAY PLAINTIFF'S LEG TIL SEVERAL WEEKS AFTER NOV. 5, 2002 A FULL MONTH AFTER THE OCT. 22, 2002 USE-OF-FORCE INCIDENT WHEN

INFLAMMATION IN RIGHT LEG AND KNEE HAD DECREASED CONSIDERABLY.

121 DEFENDANT ALVES'S DID NOT X-RAY THE PLAINTIFF'S LEG FOR OVER A MONTH TO INTENTIONALLY PURPOSELY DELIBERATELY CONCEAL THE EXTENT OF THE INJURIES TO PLAINTIFF RIGHT LEG AND KNEE ON OCT. 22, 2002.

## CONTINUED SUPERVISORY OFFICIAL GROSS NEGLIGENT MANAGEMENT AND DELIBERATE INDIFFERENCE CUSTOM POLICY OR PRACTICE

122 DEFENDANT R ROY THROUGH HIS JOE DOE AGENT INADEQUATE INVESTIGATION, THE INSPECTOR GENERAL'S PERFORMANCE EVIDENCES A PURPOSEFUL TOLERANCE OF CIVIL RIGHTS VIOLATIONS BY CORRECTIONS OFFICERS.

123 THIS TOLERANCE BY INSPECTOR GENERAL AMOUNTED TO DELIBERATE INDIFFERENCE WITH REGARD TO THE SUPERVISION AND DISCIPLINE OF ITS ~~ABOVE~~ CORRECTION OFFICERS.

124. CLEAR UNCONTROVERTED EVIDENCE OF ~~THE~~ SEPT. 7, 2002 ASSAULT UPON PLAINTIFF BY DEFENDANT BANKS, A. MESTRANTONIO JR. AND WEED WAS PRESENTED TO JOHN DOE AGENT AND R. ROY, INSPECTOR GENERAL OF NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES.

125. THE INVESTIGATION INTO PLAINTIFF'S COMPLAINT TO
THE INSPECTOR GENERAL BOLDLY IGNORED THAT
EVIDENCE, ARROGANTLY REFUSED TO SEARCH FOR ANSWERS,
ACCEPTED WITHOUT QUESTION DENIALS BY INVOLVED CORRE-
CTION OFFICERS, AND CONCLUDED THAT THE CLAIMS WERE
NOT ONLY UNSUBSTANTIATED, BUT WITHOUT MERIT.

126. SUCH TOLERANCE IN THE FORM OF FAILURE TO INVESTIGATE,
DISCIPLINE OR CORRECT VIOLATIONS SUGGESTS AN ADOPTION
OF A POLICY SUPPORTING SUCH VIOLATIONS.

127. ON OR ABOUT OCT. 27, 2002 THE PLAINTIFF WAS
INTERVIEWED BY A JOHN DOE, INVESTIGATOR FROM
INSPECTOR GENERAL'S OFFICE ~~ ~~ AT SOUTHPORT
CORRECTIONAL FACILITY IN B-BLOCK FIRST FLOOR
INTERVIEW ROOM.

128. THE PLAINTIFF STATED "D. MASTRANTONIO JR. JUST ASSAULTED
ME AGAIN ON OCT. 22, 2002 WHILE I WAS IN FULL MECHANI-
CAL RESTRAINTS AS SOON AS I WALK ON B-1 GALLERY OUT OF
VIEW OF CAMERA, SO MAKE SURE YOU GET THAT VIDEOTAPE
CAUSE THEY ARE GOING TO TRY TO DESTROY IT."

129. THE DEFENDANT JOHN DOE, INVESTIGATOR THAT WAS
INTERVIEWING PLAINTIFF ON OR ABOUT THIS OCT. 27, 2002
DATE STATED "I AM NOT CONCERNED WITH WHAT?
D. MASTRANTONIO JR. DID TO YOU ON OCT. 22, 2002, ONLY

WHAT P. MASTRANTONIO JR. DID TO YOU ON SEPT. 4, 2002
NOTHING ELSE."

130. THE INVESTIGATION BY THE JOHN DOE, INVESTIGATOR ON OR
ABOUT OCT. 27, 2002 WAS PREMISED ON ARBITRARY MALICIOUS
AND BAD-FAITH FLAWED WITH BIAS INVESTIGATORY
PROCESS OF RELYING ON CORRECTION OFFICERS STATEMENTS
ALONE FOR INVESTIGATION, NO ONE WAS CHARGE IN LIGHT
OF NUMEROUS INJURIES SUSTAIN BY PLAINTIFF IN BOTH
INCIDENTS WHILE DEFENSELESS IN MECHANICAL RESTRAINTS
IN THE CUSTODY OF DEFENDANT P. MASTRANTONIO JR. ON
SEPT. 4, 2002 AND OCT. 22, 2002, NO ONE WAS DISCIPLINED,
ALL OFFICERS CLEARED DESPITE THE PHOTOGRAPHS DEPICTING
THE BLOODY BRUTALLY BEATEN PLAINTIFF AND CONCLUDED
THAT THE CHARGES WAS UNSUBSTANTIATED AND WITHOUT
MERIT. SEE COPY OF ANNEXED SEPT. 4, 2002 PHOTOGRAPHS OF PLAINTIFF

131. THE FAILURE OF DEFENDANT R. ROY TO PROPERLY TRAIN AGENT
INVESTIGATORS ON INVESTIGATING INCIDENTS THAT ARE
RELEVANT EVIDENCE IN SITUATIONS WERE A CORRECTION
OFFICER IS INVOLVED IN MULTIPLE USES OF FORCES
UPON A PRISONER COMPLAINANT ON MULTIPLE OCCASIONS,
AS IN THIS CASE ON SEPT. 4, 2002 AND OCT. 22, 2002.

132. NO INVESTIGATION WAS EVER CONDUCTED ON THE
OCT. 22, 2002 INCIDENT DESPITE R. ROY HAVING
NOTICE OF THAT INCIDENT ALSO.

133. Defendant R. Roy has continued to acquiesce in the Southport Correctional Facility unconstitutional gross negligent management supervisory custom policy or practice of failure to properly train and supervise agent investigators or discipline correction officer Defendant D. Mastrantonio Jr that has acted with wanton and reckless disregard to Southport prisoners' civil rights.

134. This tolerance by Defendant Roy amounted to deliberate indifference with regard to the supervision of his agent investigators and discipline of D. Mastrantonio Jr correction officer is "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws."

## CLAIMS FOR RELIEF

135. The actions of Defendants, D. Mastrantonio Jr., Banks, Vandegrift, Davis, Knapp, Wilbur, Rogers, Strand, Bartsch, Daluch, White, Chalk, McIntosh, Morse, Raub, Donahue and Wetzel in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the excessive use of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

136. THE FAILURE OF DEFENDANTS MCGINNIS, GILTNER, GODARD, COUNTY OF CHEMUNG AND R. ROY GROSS NEGLIGENT MANAGEMENT SUPERVISORY CUSTOM POLICY PRACTICE OF FAILING TO PROPERLY TRAIN, SUPERVISE OR DISCIPLINE EMPLOYEES P. MASTRANTONIO JR, BANKS, WILBUR, KNAPP, DAVIS, BARSTOW, ROGERS, STAMP, PALUCH, CHALK, MCINTOSH, VANDEGRIFT, MORSE, RAUB, WETZEL, MACKAY, HANNAH, SHUMAKER, AUGUSTINE, DONAHUE, WILCOX, WAITE, DISTRICT ATTORNEY AND AGENT INSPECTOR GENERAL INVESTIGATORS CONSTITUTED DELIBERATE INDIFFERENCE AND CONTRIBUTED TO AND PROXIMATELY CAUSED THE ABOVE DESCRIBED VIOLATION OF EIGHTH AMENDMENT RIGHTS AND ASSAULT AND BATTERY

137. THE ACTIONS OF DEFENDANTS MASTRANTONIO JR, BANKS, WILBUR, KNAPP, DAVIS, BARSTOW, ROGERS, STAMP, PALUCH, WAITE, CHALK, MCINTOSH, VANDEGRIFT, MORSE, RAUB, WETZEL, MACKAY, B. CADEL, HANNAH, SHUMAKER, AUGUSTINE, DONAHUE, WILCOX AND WAITE ACTIVE PARTICIPATION IN A CONSPIRACY AGAINST THE PLAINTIFF IN RETALIATION FOR PURSUING CONSTITUTIONALLY PROTECTED CONDUCT RIGHTS TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES, COMPLAINTS AND LAWSUITS BARNES V. ALVES AND BARNES V MCGINNIS IN BOTH ADMINISTRATIVE AND JUDICIAL FORMS DENIED THE PLAINTIFF THE DUE PROCESS OF LAW IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

138. THE ACTIONS OF DEFENDANTS COUNTY OF CHEMUNG, R. ROY, G.S GOORD, MCGINNIS AND GILTNER PURPOSEFUL TOLERANCE OF STAFF UNCONSTITUTIONAL CUSTOM POLICY OR PRACTICE OF RACIALLY DISCRIMINATING AGAINST THE MINORITY PLAINTIFF TARGETING HIM IN RETALIATION OR REVENGE FOR HIS ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT WITH SYSTEMATIC MISTREATMENT TRANSGRESSIONS, CONSTITUTED DELIBERATE INDIFFERENCE AND FURTHER DENIED THE PLAINTIFF THE DUE PROCESS OF LAW IN VIOLATION OF THE FIRST ~~FIRST~~ AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

139. THE ACTIONS OF DEFENDANTS GOORD, MCGINNIS AND GILTNER FAILURE TO PROTECT THE OCT. 22, 2002 ATTACK BY DEFENDANT P. MASTRANTONIO JR. AFTER BEING ON NOTICE AFTER SEPT. 4, 2002 INCIDENT ~~THAT~~ THAT CAUSED THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS ON BOTH OCCASIONS CONSTITUTED DELIBERATE INDIFFERENCE, AND CONTRIBUTED TO AND PROXIMATELY CAUSED THE ABOVE DESCRIBED VIOLATION OF EIGHTH AMENDMENT RIGHTS AND ~~XXXXXXXXXX~~ DENIED THE PLAINTIFF THE EQUAL PROTECTION OF THE LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

140. THE ACTIONS OF DEFENDANTS CARVER, MCGINNIS AND ANNUCCI IN WILFULLY DELIBERATELY ACTIVELY PARTICIPATING OR CONDONING DESTRUCTION OF DOCUMENTARY SURVEILLANCE VIDEOTAPE ~~EVIDENCE RELEVANT~~ DEPICTING RELEVANT EVIDENCE TO SUPPORT PLAINTIFF'S CLAIMS OF D MASTRANTONIO JR. MISCONDUCT CONSTITUTED DELIBERATE INDIFFERENCE IN VIOLATION OF EIGHTH AMENDMENT AND DENIED THE PLAINTIFF THE DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

141. THE FAILURE OF DEFENDANT BRANDT TO PROPERLY DOCUMENT THE EXTENT OF THE INJURIES PLAINTIFF SUSTAINED IN HIS AMBULATORY HEALTH RECORDS AND PERFORM HIS PRIMARY DUTIES OF PROVIDING PLAINTIFF WITH ROUTINE MEDICAL CARE IN RETALIATION OR REVENGE FOR THE PLAINTIFF ENGAGING IN CONSTITUTIONALLY PROTECTED CONDUCT CONSTITUTES DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

142. THE FAILURE OF DEFENDANT ALVES TO PROVIDE THE PLAINTIFF WITH ADEQUATE MEDICAL TREATMENT AN INTENTIONALLY DISREGARDING PLAINTIFF'S NEED FOR X RAYS ON HIS RIGHT LEG AND KNEE FOR OVER A FULL MONTH TO COVER-UP AND CONCEAL INJURIES

PLAINTIFF SUSTAINED DURING OCT. 22, 2002 USE OF
FORCE IN RETALIATION FOR ENGAGING IN CONSTITUTIONALLY
PROTECTED CONDUCT CONSTITUTES DELIBERATE INDIFFERENCE
TO THE PLAINTIFF'S SERIOUS MEDICAL NEEDS IN VIOLATION
OF THE EIGHTH AMENDMENT TO THE UNITED STATES
CONSTITUTION AND DENIED THE PLAINTIFF THE RIGHT
TO PETITION THE GOVERNMENT FOR REDRESS OF LAWSUITS
AND THE EQUAL PROTECTION OF LAWS, IN VIOLATION
OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION.


WHEREFORE, PLAINTIFF PRAY THAT HE BE GRANTED
COMPENSATORY AND PUNITIVE DAMAGES RELIEF IN THE
SUM OF TWO-MILLION DOLLARS $2,000,000 AND GRANT
SUCH OTHER RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS
ENTITLED.

RESPECTFULLY SUBMITTED
JESSIE J. BARNES 97B1784
UPSTATE CORRECTIONAL FACILITY
P.O. Box 2001
MALONE NEW YORK 13953

DATED: NOV 18, 2003
~~PONE BOX 3000~~
MALONE NEW YORK

43.

_VERIFICATION_

STATE OF NEW YORK ) s.s.:
COUNTY OF FRANKLIN )

JESSIE J. BARNES, BEING DULY SWORN DEPOSES AND SAYS:

THAT HE IS THE PLAINTIFF IN THE WITHIN PROCEEDING;
THAT HE HAS READ THE FOREGOING 42 U.S.C. §§ 1981, 1983,
1985(3) AND 1986 PRISONERS' CIVIL RIGHTS COMPLAINT
AND KNOW THE CONTENTS THEREOF; THAT THE SAME IS TRUE
TO HIS OWN KNOWLEDGE EXCEPT AS TO THOSE MATTERS
ALLEGED THEREIN ON PERSONAL KNOWLEDGE AND THAT
AS TO THOSE MATTERS HE BELIEVES THEM TO BE TRUE.

SWORN TO BEFORE ME THIS
18 DAY OF NOV , 2003

JESSIE J. BARNES 97B1784
UPSTATE CORRECTIONAL FACILITY
P.O. BOX 2001
MALONE NEW YORK 12953

NOTARY PUBLIC

JOHN MARINELLI
Notary Public, State of New York
No. 01MA4988055
Qualified in Franklin County
Commission Expires October 30, 20 06